IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD LEE FISHER,<br>Plaintiff,<br><br>v<br><br>UNITED STATES OF AMERICA,<br>Defendant. | )<br>)<br>)<br>) 2:14-cv-1543<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court is DEFENDANT'S MOTION TO DISMISS COMPLAINT (ECF No. 4), with brief in support. Plaintiff Gerald Lee Fisher, acting pro se, filed a response in opposition to the motion (ECF No. 7), and the motion is ripe for disposition.

Factual and Procedural Background

The procedural history of this dispute is somewhat complex. It is also critical to resolution of this case because the government contends that Fisher has previously litigated his claims in another federal case, Civil Action No. 14-1425. Thus, the government contends that this case should be dismissed with prejudice pursuant to the doctrine of issue preclusion and/or for lack of subject-matter jurisdiction.

Fisher submitted a claim for veteran's pension benefits due to his alleged disability, presumably to the Department of Veterans Affairs ("VA").[1] The claim was denied. Fisher avers

---

[1] The date is somewhat uncertain, although Fisher has referred to an "RO decision dated September 19, 2013 regarding my appeal claim of January 23, 2012." *See* ECF No. 5 at 17.

that he submitted Notices of Disagreement on February 16, 2012, February 2013, and November 11, 2013, in which he requested a hearing with the Board of Veterans Appeals.

On May 22, 2014 Fisher submitted a SF-95 administrative tort claim form to the VA.[2] Attached to the SF-95 form was a four-page position statement prepared by Fisher. In it, he alleged that Defendants had negligently refused to process his Notice(s) of Disagreement and had refused to schedule a hearing. Fisher sought $25,000,000 for personal injury in addition to emotional distress.

The VA construed the tort claim as a challenge to the denial of Fisher's application for veteran's benefits. The VA denied Fisher's claim in a written decision dated October 10, 2014. The VA decision explained that claims challenging the denial of VA benefits are not actionable under the Federal Tort Claims Act. Such claims are "the sole jurisdiction of the Court of Appeals for Veterans Claims."

On October 22, 2014, Fisher filed a one-page, confusingly-worded Amended Complaint in the United States District Court for the Western District of Pennsylvania, Civil Action No. 14-1425, again seeking $25,000,000. The case was assigned to the Honorable Arthur J. Schwab. Judge Schwab construed the Amended Complaint as arising out of the denial of Fisher's veteran's benefits. In a Memorandum Order dated February 6, 2015, Judge Schwab dismissed Civil Action No. 14-1425 with prejudice and explained that federal district courts lack subject-matter jurisdiction to review claims for veteran's benefits.

While Civil Action No. 14-1425 was pending before Judge Schwab, Fisher filed a new Complaint in this case, Civil Action No. 14-1543, which was assigned to this member of the Court. In the Complaint, Fisher again refers to a federal tort claim against the VA and again

---

[2] As set forth in the Declaration of Donna Binder, an employee of the VA, this was the only administrative tort claim ever filed by Fisher.

seeks $25,000,000. Although not entirely clear, it appears that Fisher is challenging the VA's constitutional authority to issue a Final Decision to deny his claim for benefits. In his response to the Motion to Dismiss, Fisher essentially concedes that the two lawsuits are related. He states: "**The plaintiff's 'dismissed' complaint which was ruled upon by Judge Schwab** of the Western District of Pennsylvania, PA is currently pending a reconsideration decision by the Third Circuit Court of Appeals, Philadelphia, PA due to the plaintiff's appeal as submitted on February 20, 2015, **regarding the very same alleged legal errors of Due Process as outlined above**." ECF No. 7 (Emphasis added).[3]

Discussion

The government contends that this case must be dismissed with prejudice pursuant to the doctrine of issue preclusion and/or lack of subject-matter jurisdiction. The government argues that Fisher's challenges to the denial of his veteran's benefits and the denial of his administrative tort claim have already been decided by Judge Schwab in Civil Action No. 14-1425, such that Fisher is precluded from re-litigating those challenges in this case.

As explained in *Witkowski v. Welch*, 173 F.3d 192, 198-99 (3d Cir. 1999):

> The doctrine of collateral estoppel, now commonly referred to as issue preclusion, prevents parties from litigating again the same issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies. *Schroeder v. Acceleration Life Ins. Co.*, 972 F.2d 41, 45 (3d Cir. 1992). Issue preclusion "forecloses relitigation in a later action [ ] of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Hebden v. Workmen's Compensation Appeal Bd.*, 632 A.2d 1302, 1304 (Pa. 1993); *see also* Restatement (Second) of Judgments, § 27 cmt. c (1982) ("An issue on which relitigation is foreclosed may be one of evidentiary fact, of 'ultimate fact' (i.e. the application of law to fact), or of law."). As the Supreme Court has observed, this doctrine reduces the costs of multiple lawsuits, facilitates judicial consistency,

---

[3] The docket of Civil Action No. 14-1425 does not reflect that an appeal was filed.

conserves resources, and "encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

The government must satisfy a four-part test in order to apply the doctrine of issue preclusion:

1) the issue decided in the prior adjudication must be identical with the one presented in the later action;

2) there must have been a final judgment on the merits;

3) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and

4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication.

*Id*. at 199 (citations omitted).

As to the first prong of the test, the *Witkowski* Court explained that "precise identity" of the causes of action is not required. Rather, only the issues need be the same. *Id*. at 203 (citations omitted). The Court must make a practical evaluation of whether the issues in the prior case were "in substance the same" as those which Fisher seeks to litigate once again. *Id*. The Court concludes that under the facts and circumstances of this matter, the first prong is satisfied. Although the pro se complaints drafted by Fisher are not models of clarity, it is readily apparent that the issues in Civil Actions Nos. 14-1425 and 14-1543 are the same. In each case he seeks $25,000,000 in damages. The real dispute in each case is the manner in which the VA processed Fisher's application for veteran's benefits, and subsequently rejected his administrative tort claim. In Fisher's own words, both cases involve "the very same alleged legal errors of Due Process."

The second, third and fourth prongs of the test are clearly met. Judge Schwab issued a final judgment on the merits in Civil Action No. 14-1425. Fisher, the party against whom collateral estoppel is asserted, was a party to the prior adjudication. Finally, Fisher had a full and

4

fair opportunity to litigate the issues in question in the prior adjudication.[4]  In sum, this case must be dismissed pursuant to the doctrine of issue preclusion.

In addition, the Court notes that pursuant to 38 U.S.C. § 511(a), district courts are not authorized to review decisions regarding the denial of veteran's benefits.  In *Dambach v. United States*, 211 Fed. App'x 105, 108-09 (3d Cir. 2006) (non-precedential), the United States Court of Appeals for the Third Circuit explained that district courts are not empowered to review actions taken by the VA in connection with the denial of a claim for benefits.  The *Dambach* Court held that district courts lack subject-matter jurisdiction to consider such claims against the VA, regardless of whether they are pled as constitutional violations and/or tort claims.  *Id*. (citations omitted).

Conclusion

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS COMPLAINT (ECF No. 4) will be **GRANTED**.  Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE** and this case shall be docketed as closed.  An appropriate Order follows.

McVerry, J.

---

[4] The Court notes that, contrary to Fisher's suggestion, there is no evidence that he pursued an appeal of Judge Schwab's decision in Civil Action No. 14-1425.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD LEE FISHER,<br>                 **Plaintiff,**<br><br>    v<br><br>UNITED STATES OF AMERICA,<br>                 **Defendant.** | 2:14-cv-1543 |

### ORDER OF COURT

AND NOW, this 8th day of May, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION TO DISMISS COMPLAINT (ECF No. 4) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **GERALD LEE FISHER**
914 Western Avenue, NW #3
Pittsburgh, PA 15233
    (By US Mail)

**Paul D. Kovac**
Email: paul.kovac@usdoj.gov